UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BRENDA LAUN**                                      **CASE NO. 1:22-CV-05347**

**VERSUS**                                          **JUDGE EDWARDS**

**KNIGHTBROOK INSURANCE CO., ET AL.**              **MAG. JUDGE PEREZ-MONTES**

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment on Medical Causation (ECF No. 38) filed by Brenda Laun ("Plaintiff" or "Ms. Laun"). Knightbrook Insurance Co. and United S, Inc. ("Defendants") filed an opposition to the motion (ECF No. 49). Plaintiff then filed a response (ECF No. 50) in support of her Motion.

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

On December 30, 2021, there was a motor vehicle collision on the I-49 Southbound Exit Ramp in Woodworth, Louisiana, involving a pickup truck driven by Ms. Laun, and a tractor-trailer operated by Santee Cummings.[1] Ms. Laun subsequently filed suit in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana on April 19, 2022.[2] In her petition, she alleged that Santee Cummings, while acting in the course and scope of his employment with United S, Inc., caused her harm by impeding traffic, being inattentive, and operating the tractor-trailer in a reckless manner.[3] Ms. Laun seeks damages for her past and future medical expenses, pain and

---

[1] ECF No. 47-1 at 52; ECF No. 36-5 at 3.
[2] ECF No. 1-4.
[3] ECF No. 1-4 at 1.

suffering, mental anguish, functional impairments and limitations, loss of enjoyment of life, scarring and disfigurement, lost wages, and loss of future earning capacity.[4]

On September 26, 2022, Defendants removed the suit to this Court on the basis of diversity jurisdiction.[5] Ms. Laun filed the instant motion on February 21, 2024.[6] She contends that, the subject accident caused her to suffer a neck injury and caused her to undergo neck surgery.[7] Conversely, in their Opposition, Defendants dispute this, arguing that there is a genuine issue as to the cause and duration of Ms. Laun's neck injury.[8]

## II.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact impacts the outcome of a lawsuit and can be identified through substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party." *Id*. The court considers "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (internal quotation marks and citation omitted).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v.*

---

[4] ECF No. 1-4 at 2.
[5] ECF No. 1 at 3.
[6] ECF No. 38.
[7] ECF No. 38-2.
[8] ECF No. 49.

*Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this burden, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations and unsubstantiated assertions will not satisfy the [nonmoving party's] burden." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). In deciding a motion for summary judgment, the district court will not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

### B.  Causation

A federal court sitting in diversity jurisdiction employs the substantive law of the forum state. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). Thus, Louisiana law regarding causation applies.

A plaintiff in a personal injury lawsuit "bears the burden of proving [by a preponderance of the evidence] a causal relationship between the injury sustained and the accident which caused the injury." *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995) (internal citations omitted). To determine this causal relationship, a plaintiff must "prove[] through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Kliebert v. Breaud*, 134 So. 3d 23, 28 (La. App. 5th Cir. 2014). "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance . . . that the fact or causation sought to be proved is more probable than not." *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La. 1993) (internal citation omitted). However, "[e]xpert medical testimony is required when the

conclusion regarding medical causation is one that is not within common knowledge." *Kliebart*, 134 So. 3d at 28.[9]

## III.   ANALYSIS

As established by *Maranto*,[10] Ms. Laun bears the burden of proving the causal relationship between the motor vehicle collision that occurred on December 30, 2021, her neck injury, and subsequent neck surgery. To establish this relationship, Ms. Laun cites exclusively to the Deposition of Defendants' expert, Dr. Carl Goodman. Dr. Goodman performed an Independent Medical Examination of Ms. Laun at the request of Defendants.[11] Dr. Goodman testified in his deposition in pertinent part as follows:[12]

> **Q.**   Doctor, with your opinions of Ms. Laun, it's your opinion that more likely than not she suffered an injury to her neck in the wreck?
> **A.**   Yes.
> **Q.**   And that injury to her neck led to need for treatment?
> **A.**   Yes.
> [. . .]
> **Q.**   And Doctor, it's your opinion the need for the surgery is related to the injury she sustained in the wreck?
> **A.**   Yes.

Based on Dr. Goodman's testimony, the Plaintiff contends that sufficient expert medical testimony exists to prove the causal relationship between the December car accident, Ms. Laun's neck injury, and the subsequent surgery.[13] The Court finds that Ms. Laun has met her burden as

---

[9] *E.g., Vicknair v. Pfizer, Inc.*, No. CV 20-2705, 2021 WL 2554935, at *2 (E.D. La. June 22, 2021) ("When the issue of medical causation is complex and not within the knowledge of an ordinary lay person, both the Fifth Circuit and the Louisiana Supreme Court hold that plaintiff must submit expert testimony to prove causation."); *Hebert v. Miles Pharms.*, No. CV 92-4290, 1994 WL 10184, at *4 (E.D. La. Jan. 13, 1994) (explaining how cases involving complex issues of medical causation are outside of an ordinary juror's experience and knowledge).

[10] The causal relationship standard in *Maranto* is often supported by the presumption in *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991). However, the application of the *Housley* presumption here is contested by the parties. Although Plaintiff cited *Housley*, she fails to meaningfully apply the presumption. Defendants argue that the *Housley* presumption is inapplicable.  The Court need not resolve the application of *Housley* as it is not necessary to the ruling on this motion.

[11] ECF No. 38-2.

[12] ECF No. 38-4 at 3-4.

[13] ECF No. 38-2 at 2-3; ECF No. 38-3.

the movant to establish that there is no genuine issue of material fact by this testimony. Therefore, the burden then shifts to the Defendants to produce evidence or designate specific facts showing the existence of a genuine issue for trial.

Defendants assert that genuine issues of fact exist regarding whether the accident caused Ms. Laun's neck injury based on the following:[14]

(1)    the Plaintiff denied sustaining any injury when asked by multiple people on the day of the subject accident;

(2)    the Plaintiff did not notice any injury until or five days after the subject accident;

(3)    the Plaintiff testified that she never had prior neck issues, any prior diagnosis of neck pain, and denied that her military disability determination was partially based on chronic neck problems, but her medical records from Overton VA Hospital reflect otherwise;

(4)    the Plaintiff did not receive medical treatment until twenty one days after the subject accident, and only then by attorney referral;

(5)    the Plaintiff has not presented any evidence to establish that the cervical disc pathology prompting surgery was not congenital or degenerative in nature; and

(6)    the Plaintiff has not presented any evidence to establish that any of her treatment providers were made aware of the prior relevant medical and disability history reflected in the Overton VA Hospital records, nor that any of them performed any differential diagnoses to assess whether her neck pain likely resulted from the subject accident or was simply the natural progression of her pre-existing history of neck pain and disability.

These assertions, however, relate to when Ms. Laun first sought treatment for her neck injury or seek to contradict Plaintiff's testimony related to her medical history. These assertions are insufficient alone to demonstrate a genuine issue of fact for trial as it pertains to the causal relationship between the accident and Ms. Laun's neck injury, particularly in light of Dr. Goodman's testimony. *See, e.g., Bordenave v. Delta Air Lines, Inc.*, No. CV 18-00637, 2020 WL 377017, at *3 (M.D. La. Jan. 23, 2020) (finding the non-moving party failed to establish "specific facts demonstrating a material issue of fact regarding medical causation" due to insufficient expert

---

[14] ECF No. 47-8 at 1-2.

testimony); *Angelle v. Matthews*, No. CV 16-539-SDD-RLB, 2018 WL 1547348, at *3 (M.D. La. Mar. 29, 2018) ("Plaintiff presents no testimony that would explain the autopsy report or . . . medical records."). Moreover, the experts that the Defendants cite do not contradict the testimony of Dr. Goodman. In fact, Dr. C. Chambliss Harrod, a spine surgeon retained by the Defendants, agrees that the surgery performed on Ms. Laun "was appropriate and, based on the history Ms. Laun has provided, likely related to the December 30, 2021, motor vehicle accident."[15] Thus, the Defendants have failed to meet their burden to establish a genuine issue of material fact as to whether the accident caused Ms. Laun's neck injury and her subsequent surgery. *See, e.g.*, *Bordenave*, 2020 WL 377017, at *3.

The Court recognizes that Ms. Laun's motion is vague regarding her request for summary judgment as it relates to the current condition of her neck and her need for future treatment. Thus, the Court notes that a genuine dispute exists as to whether the accident has caused Ms. Laun to continue to have neck pain beyond her surgery and whether Ms. Laun will need to undergo future medical treatment for that neck pain. In an abundance of caution, the Court specifically denies summary judgment on these issues.

---

[15] ECF No. 47-6 at 1.

## IV.    CONCLUSION

For the reasons set forth above,

Plaintiff's Motion for Partial Summary Judgment on Medical Causation (ECF No. 38) is

**GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion is **GRANTED** to the extent

that the subject accident caused her to suffer a neck injury and caused her to undergo neck surgery.

Plaintiff's Motion is **DENIED** to the extent that she seeks judgment that the accident caused her

to continue to have neck pain beyond the aforementioned surgery and that her neck pain, if any,

requires further medical treatment.

**THUS DONE AND SIGNED** in Chambers, this 13th day of June, 2024.

_____
**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**